IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ROBERT WINKELMAN, | : |
|     Petitioner | : |
|       v. | : Case No. 3:24-cv-196-KAP |
| RANDY IRWIN, SUPERINTENDENT | : |
| S.C.I. FOREST, *et al.*, | : |
|     Respondents | : |

<u>Memorandum Order</u>

In August 2024, petitioner filed a pleading styled as a Motion Pursuant to Fed.R.Civ.P. 60(b) that was intended as a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 attacking his conviction and sentence in <u>Commonwealth v. Winkelman</u>, CP-17-CR-358-2021 (C.P. Clearfield), *aff'd*, 608 WDA 2022 (Pa.Super. April 26, 2023), *petition for allowance of appeal denied*, 111 WAL 2023 (Pa. September 1, 2023).

Also in August, I had the Clerk send petitioner a packet of the forms used in this court to file a petition for a writ of habeas corpus, and denied petitioner's motion to proceed *in forma pauperis* at ECF no. 1. In December 2024, petitioner sent back five pages of corrections to the titles of his original paperwork and a letter advising that the filing fee would be paid by institutional check; the letter, dated August 25, 2024, advised that petitioner "authorized" a "stay of obeyance" because he had a petition seeking relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46, pending in the trial court. ECF no. 5.

I presume what petitioner means is that he is seeking a stay under <u>Rhines v. Weber</u>, 544 U.S. 269, 276-78 (2005). A stay is appropriate under <u>Rhines v. Weber</u> when the petitioner has good cause for failure to exhaust claims, the unexhausted claims are potentially meritorious, and there is no evidence that the petitioner is trying to use the stay as a delaying tactic. Check of the public docket sheets confirms that petitioner does have a PCRA petition pending.

This matter is stayed pending completion of petitioner's PCRA proceedings, including the completion of any appeal to the Pennsylvania Superior Court. If this matter is not rendered moot by action in the state court, the petitioner shall notify the Clerk when proceedings on the PCRA petition are completed. I will then reopen this matter for further proceedings. Petitioner will need to amend his petition to include any claims exhausted in the PCRA proceedings, so when he seeks to reopen this matter he must file a motion to amend attaching as an exhibit a single petition complying with Habeas Rule 2, raising all the claims on which he seeks relief.

No check for the filing fee has ever been received. Regardless of any other order this matter will remain administratively closed and the petition will not be served until petitioner pays the filing fee or files an adequate motion to proceed *in forma pauperis.*

The parties have the right to appeal within 14 days to a District Judge from this nondispositive Order. *See* Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A).

DATE:  January 7, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

William Robert Winkelman QN-7042
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239